Timothy M. Bechtold
**BECHTOLD LAW FIRM, PLLC**
PO Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

John Heenan
**HEENAN & COOK, PLLC**
1631 Zimmerman Trail
Billings, MT 59102
Telephone: (406) 839-9091
john@lawmontana.com

*Attorneys for Plaintiffs*

FILED
Carbon County District Court

JUN 15 2023

By ___RL___
Rochelle Loyning, Clerk

### MONTANA TWENTY-SECOND JUDICIAL DISTRICT COURT, CARBON COUNTY

| | |
|---|---|
| Chad Cullum, Shala Cullum, and Mike George,<br><br>　　　　Plaintiffs,<br>vs.<br><br>BNSF Railway Co. and Does 1-10,<br><br>　　　　Defendants. | Cause No. DV 23-61<br><br><br><br>**COMPLAINT &<br>JURY DEMAND** |

The above-named Plaintiffs allege as follows:

### PARTIES

1. Plaintiffs Chad Cullum and Shala Cullum are both citizens of Montana and residents of Bridger, Carbon County, Montana. Chad Cullum and Shala Cullum own certain real property in Carbon County, Montana.

COMPLAINT & JURY DEMAND　　　PAGE 1

2. Plaintiff Mike George is a citizen of Montana and a resident of Bridger, Carbon County, Montana. Mike George owns certain real property in Carbon County, Montana.

3. Defendant BNSF Railway Co. (BNSF) is a Delaware corporation with a principal place of business in Fort Worth, Texas. BNSF regularly transacts business in the State of Montana and committed acts resulting in accrual of this action in the State of Montana.

4. Defendants Does 1-10 are entities that committed acts resulting in accrual of this action in the State of Montana whose identities have not been determined.

## GENERAL ALLEGATIONS

5. Defendant BNSF is engaged in the distribution and/or transportation of petroleum products, including gasoline, in the State of Montana.

6. Each act or omission, including each unlawful and/or negligent act or omission, alleged herein was committed by Defendants, or an employee and/or agent of Defendants who was acting within the course and scope of his or her employment and/or agency with Defendants and in furtherance of the business interests of Defendants.

7. On September 30, 2022, BNSF negligently and/or unlawfully caused toxic substances, including gasoline, to enter the soil and groundwater on and near Plaintiffs' properties in Carbon County, Montana (release site).

8. The toxic substances, including gasoline, which entered the soil and groundwater on and around the release site migrated by means of soil and/or groundwater onto and into properties owned by Plaintiffs.

9. As a result of Defendants' negligent and/or unlawful conduct as herein alleged, Plaintiffs have suffered damages and losses including lost property value, the cost of investigation and restoration of their real property, loss of use and enjoyment of their real property, and incidental and consequential damages.

### FIRST CAUSE OF ACTION
### NEGLIGENCE

10. Plaintiffs reallege each previous paragraph as though fully set forth herein.

11. Defendants owed Plaintiffs a duty to act with reasonable care and to conduct their business and operations in a manner which would not jeopardize the Plaintiffs' property, person and interests.

12. Defendants breached their duty of care by negligently and/or unlawfully handling, releasing, spilling, and/or failing to control and monitor the

toxic substances, including gasoline, that were released by Defendants as alleged above. Defendants' negligence, in addition to that herein alleged, consisted of:

(a) Failing to properly transport toxic substances, including gasoline, at the release site.

(b) Failing to use appropriate transportation and/or containment equipment and methods to prevent toxic substances, including gasoline, from contaminating the soil and groundwater at the release site;

(c) Failing to properly train and/or supervise employees, agents, and/or contractors handling toxic substances, including gasoline;

(d) Failing to contain toxic substances in the soil and groundwater after Defendants knew or should have known they had polluted the release site;

(e) Failing to warn the Plaintiffs and the public of the hazards and other issues associated with the soil and groundwater contamination at the release site;

(f) Failing to clean up the pollution at the release site and to restore the release site in a timely and effective manner;

(g) Failing to comply with applicable industry standards, internal rules, and laws governing the safe use, handling, disposal, investigation and/or clean-up of toxic substances; and

(h) Failing to maintain the railroad track in a serviceable condition.

13. As a result of Defendants' negligence, Plaintiffs have suffered damages, as alleged herein.

## SECOND CAUSE OF ACTION
## PUBLIC NUISANCE

14. Plaintiffs reallege each paragraph of this Complaint as though fully set forth herein.

15. Defendants' conduct resulted in a public nuisance because the contamination resulting from Defendants' activities is injurious to health and offensive to the senses, and it obstructs the free use of property, interfering with the comfortable enjoyment of life and property.  The contamination affects a considerable number of persons, including all property owners and residents in the vicinity of the release site.

16. Defendants' nuisance, as alleged herein, is especially injurious to Plaintiffs because they own properties that have been directly polluted by the contamination.  The nuisance is offensive to the Plaintiffs' senses, interferes with and disturbs their comfortable enjoyment of their life and property, and prevents their ordinary and lawful use of their property and residences.

17. Unless Defendants' nuisance is abated, Plaintiffs' property and rights of enjoyment therein will be further damaged and further jeopardized.

18. As a result of the nuisance caused by Defendants, Plaintiffs have suffered damages, as alleged herein.

### THIRD CAUSE OF ACTION
### PRIVATE NUISANCE

19. Plaintiffs reallege each paragraph of this Complaint as though fully set forth herein.

20. Defendants' conduct as alleged herein created a private nuisance because the contamination resulting from Defendants' activities is injurious to Plaintiffs' health and offensive to their senses, and it obstructs the free use of their property, interfering with their comfortable enjoyment of life and property.

21. Unless the nuisance created by Defendants is abated, Plaintiffs' property and their right to use and enjoy their property will be further damaged, and Plaintiffs' interests will be further jeopardized.

22. As a result of the nuisance caused by Defendants, Plaintiffs have suffered damages, as alleged herein.

### FOURTH CAUSE OF ACTION
### TRESPASS

23. Plaintiffs reallege each paragraph of this Complaint as though fully set forth herein.

24. Defendants intentionally, negligently, without just cause, and/or as a result of abnormally dangerous activity, committed trespass by causing toxic substances, including gasoline, to invade the real property owned by Plaintiffs by way of groundwater and soil, and by failing to remove the contamination from Plaintiffs' properties.

25. As a result of Defendants' trespass, Plaintiffs have suffered damages, as alleged herein.

## FIFTH CAUSE OF ACTION
## STRICT LIABILITY FOR ABNORMALLY DANGEROUS ACTIVITY

26. Plaintiffs reallege each paragraph of this Complaint as though fully set forth herein.

27. Defendants conducted abnormally dangerous and ultrahazardous activity at the release site. Defendants' transport and handling of toxic substances, including gasoline, at the release site constituted abnormally dangerous and ultrahazardous activity in that the activity:

(a) Creates a high degree of risk of serious harm to the environment, persons, land, and chattels of others, which cannot be eliminated through the exercise of reasonable care;

(b) Creates a strong likelihood that great harm will result from an escape of such toxic substances, including gasoline;

(c) Was not a matter of common usage which would be carried on by the great mass of mankind or many people in the community;

(d) Was inappropriate based on the prevailing conditions including close proximity to residential property in which it was carried on; and

(e) Has value which is outweighed by the likelihood of resulting harm, based on the close proximity to residential property in which it was carried on.

28. As a result of Defendants' abnormally dangerous and ultahazardous activity, Plaintiffs have suffered damages, as alleged herein.

### SIXTH CAUSE OF ACTION
### BREACH OF NONDELEGABLE DUTY

33. Defendants had a nondelegable duty to ensure that adequate safety precautions were taken by their contractors during the course of the transport and handling of toxic substances, which was inherently dangerous and which posed peculiar unreasonable risks of harm.

34. The Defendants wrongfully breached their nondelegable duties, as a result of which breach Plaintiffs have suffered damages, as alleged herein.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE MONTANA CONSTITUTION

35.  Plaintiffs reallege each paragraph of this Complaint as though fully set forth herein.

36.  Plaintiffs have the following inalienable rights under Article II, Section 3 of the Montana Constitution:

> All persons are born free and have certain inalienable rights. They include the right to a clean and healthful environment and the rights of pursuing life's basic necessities, enjoying and defending their lives and liberties, acquiring, possessing and protecting property, and seeking their safety, health and happiness in all lawful ways.

37.  Defendants' activities, as alleged herein, were violative of Plaintiffs' inalienable rights, including the inalienable right to a clean and healthful environment.

38.  As a result of Defendants' violation of Plaintiffs' constitutional rights, Plaintiffs have suffered damages, as alleged herein.

## EIGHTH CAUSE OF ACTION
## RESTITUTION FOR UNJUST ENRICHMENT

39.  Plaintiffs reallege each paragraph of this Complaint as though fully set forth herein.

40.  Defendants negligently and/or unlawfully disposed of and/or deposited toxic substances, including gasoline, onto Plaintiffs' properties. Despite

knowledge that they had contaminated the Plaintiffs' properties, Defendants have failed to timely and properly remove the contamination.

41    Defendants' use of Plaintiffs' property to dispose of, deposit, and store toxic substances, including gasoline, is wrongful and unlawful, and Plaintiffs did not consent to the use of their property in that manner.

42.    Defendants' unauthorized use of Plaintiffs' property has benefitted Defendants monetarily to Plaintiffs' detriment.  Defendants are therefore unjustly enriched, and Plaintiffs are entitled, in equity, to damages as a result of Defendants' unjust enrichment.

## NINTH CAUSE OF ACTION
## WRONGFUL OCCUPATION OF REAL PROPERTY

43.    Plaintiffs reallege each paragraph of this Complaint as though fully set forth herein.

44.    Defendants have and continue to wrongfully occupy Plaintiffs' private property in violation of §27-1-318, MCA.

45.    As a result of Defendants' wrongful occupation of property, Plaintiffs have suffered damages, as alleged herein.

## DAMAGES

46. As a result of Defendants' wrongful and/or unlawful acts and omissions as herein alleged, Plaintiffs have suffered and will continue to suffer damages including, but not limited to:

(a) Injury to and loss of use and enjoyment of real property;

(b) Severe emotional distress;

(c) Loss of the value of real property and rights incidental thereto, and loss of use of that value and those rights;

(d) Incidental and consequential damages, including loss of business income;

(e) Annoyance, inconvenience and discomfort over the loss and prospective loss of property value, economic opportunities, and other legal rights; and

(f) Costs for investigation and restoration of their property.

47. Although Defendants knew of facts and have known of facts creating a high probability of damage to Plaintiffs, Defendants have intentionally disregarded those facts, deliberately proceeded to act in conscious and intentional disregard of the high probability of damage to Plaintiffs, and deliberately proceeded to act with indifference to the high probability of damage to Plaintiffs.

48. Defendants have made misrepresentations of fact with knowledge of their falsity and have concealed material facts with the purpose of depriving Plaintiffs of their legal rights and otherwise causing damage to Plaintiffs as alleged herein.

49. Defendants have misrepresented the levels of contamination of Plaintiffs' properties and taken no action to remove the contamination from Plaintiffs' properties, despite knowledge of the contamination.

50. The conduct of Defendants was and is malicious, fraudulent and egregious, so as to justify an award of punitive or exemplary damages in an amount sufficient to punish Defendants and to serve as an example to Defendants and others similarly situated that conduct of the kind engaged in by Defendants is unacceptable and will not be tolerated.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the above-named Plaintiffs pray for judgment against the above-named Defendants as follows:

1. Damages in a reasonable amount to compensate Plaintiffs for all harm they have suffered as a result of the Defendants' conduct;

2. Damages for investigation, remediation, and/or restoration of Plaintiffs' properties and other contaminated property in close proximity to Plaintiffs' properties to remove present contamination and prevent future contamination;

3. Damages for loss of use and enjoyment of real property;

4. Damages for severe emotional distress;

5. Damages for annoyance, inconvenience, and discomfort over the loss and prospective loss of property value, economic opportunities, and other legal rights;

6. Incidental and consequential damages, including loss of business income and loss of crops;

7. Restitution for unjust enrichment;

8. Damages for the value of Defendants' unauthorized use and wrongful occupation of Plaintiffs' property, as well as the costs necessary for Plaintiffs to recover possession of their property, including all necessary investigation and restoration costs;

9. Costs and disbursements incurred herein;

10. Punitive damages;

11. Attorneys' fees pursuant to the Private Attorney General Doctrine and any other applicable legal theory; and

12. Any additional relief the Court deems just and appropriate.

DATED this 9th day of June, 2023.

_____
Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC